532 S.E.2d 279

**In the Matter of William H. HENSEL, Respondent.**

**No. 25125.**

Supreme Court of South Carolina.

Submitted April 11, 2000.
Decided May 15, 2000.

J. Steedley Bogan, of Columbia, for respondent.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment.[1] We accept the agreement.

The facts in the agreement are as follows:

### Real Estate Closing Matters

Respondent conducted real estate closings and has admitted to misconduct in at least ten different client matters involving closings. The facts in the agreement establish a pattern which involved respondent (1) failing to pay off prior mortgages pursuant to a closing; (2) utilizing funds received from one client's matter to pay off obligations related to other clients' closings; (3) issuing checks from his escrow account when there were insufficient funds to cover the checks; and (4) misappropriating escrow funds to pay himself legal fees. In addition, respondent issued several checks from his escrow account for title insurance premiums on April 1, 1999. These checks represented various clients' funds which were used to pay the premiums for other clients.

### Escrow Account Matters

A review of respondent's escrow account shows that from January 1998 to July 1999, there were at least thirteen negative balances, twelve overdraft charges, and five fees imposed for insufficient funds. Respondent admits that he moved escrow funds to his operating account and used the funds for payment of office expenses, personal bills, and personal taxes to the Internal Revenue Service.

### Probate Matters

Respondent's wife (Wife) is also a South Carolina attorney. Wife was appointed as Guardian ad Litem (GAL) for at least three different estate matters in which respondent improperly

---

1. By Order of this Court dated September 3, 1999, respondent was placed on interim suspension, and Michael H. Montgomery was appointed as attorney-to-protect.

became involved. In each of these matters, Wife was issued checks representing surplus funds from foreclosure actions associated with the estates. Wife deposited these checks into her escrow account and subsequently issued checks from her account in order to open up separate estate accounts. Wife gave these checks to respondent and asked him to open the estate accounts. Respondent, however, deposited the checks into his operating account and/or his escrow account.

Wife's father was gravely ill with cancer during this time. When she returned to work following the death of her father, respondent recalls that Wife requested he return the funds she had turned over to him. From his escrow account, respondent issued checks to Wife, as GAL, and these funds were used to open up estate accounts.

Respondent was never GAL for these three cases, nor was he formally associated with these cases in any way. Respondent did not tell Wife about his inappropriate handling of the estate funds and indeed deliberately misled his wife about how the funds were being handled.

### Prior Disciplinary Record

After respondent pled guilty to one count of failure to make and file a South Carolina Income Tax return, respondent's license to practice law was temporarily suspended, *see In the Matter of Hensel,* 321 S.C. 552, 471 S.E.2d 145 (1996), and respondent was suspended from the practice of law for ninety days, retroactive to the date of his temporary suspension. *In the Matter of Hensel,* 334 S.C. 617, 472 S.E.2d 619 (1996).

### Conclusion

Based upon the above facts, respondent admits that his misconduct constitutes a violation of the Rules of Professional Conduct, Rule 407, SCACR. Respondent failed to provide competent representation. Rule 1.1. He failed to act with reasonable diligence and promptness in representing his clients. Rule 1.3. He violated his duty regarding the safekeeping of his clients' or third parties' property. Rule 1.15. Respondent engaged in conduct that involves deceit and misrepresentation and is prejudicial to the administration of justice. Rule 8.4.

388

Moreover, respondent breached his duties related to financial recordkeeping. He violated Rule 417, SCACR, by failing to: (1) conduct monthly reconciliations of the escrow account; (2) identify escrow checks by client name or file number; (3) identify escrow account deposit slips by date or client name; and (4) maintain ledgers.

Respondent admits he violated Rule 7, RLDE, by violating the Rules of Professional Conduct, by engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law and by violating the oath of office taken upon admission to practice law in this state.

In our opinion, respondent's misconduct warrants disbarment. Accordingly, we hereby disbar respondent, retroactive to September 3, 1999, the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DISBARRED.